UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHADELAND STATION APARTMENTS I, LLC, et al., | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) | 1:09-cv-629-WTL-TAB |
| | ) | |
| REALSOURCE BROKERAGE SERVICES, L.C., et al., | ) ) | |
| Defendants. | ) | |

# ORDER DENYING DEFENDANTS'
# MOTION FOR LEAVE TO FILE AMENDED ANSWER

**I.  Introduction**

Leave to amend a pleading is generally freely given under Federal Rule of Civil Procedure 15(a) if the proposed amendments are not untimely, unduly prejudicial, or futile. But the bar rises after the Case Management Plan deadline for amending has passed. After the CMP deadline, a party seeking leave to amend must also show good cause under Rule 16(b) for its failure to seek amendment earlier. Because Defendants have not shown good cause for their delay, the Court denies their motion for leave to file amended answer. [Docket No. 57.]

**II. Background**

Plaintiffs sued Defendants in 2009 over a 2005 real estate transaction. Neither party sought leave to amend the pleadings before the October 20, 2009, CMP deadline. The case proceeded with voluminous electronic discovery and a conflict of interest issue.

On February 4, 2011, Defendants moved for leave to amend their answer to assert a statute of limitations affirmative defense. [Docket No. 57.] Defendants invoke Rule 15(a)'s liberal standard for amending pleadings and—continuing to rely on Rule 15 authority—state that

their proposed amendments are not untimely, unduly prejudicial, or futile.

Plaintiffs oppose Defendants' proposed amendments on two grounds. First, Plaintiffs argue that the proper standard for leave to amend pleadings after the CMP deadline is Rule 16(b)'s "good cause" standard. Plaintiffs assert that Defendants have not shown good cause for waiting 15½ months after the CMP deadline to add a statute of limitations defense. Second, Plaintiffs argue that amendment is improper even under Rule 15's more liberal standard because Defendants unduly delayed in seeking leave to amend, and the proposed amendment is unduly prejudicial to Plaintiffs. Plaintiffs assert that they are prejudiced by lost discovery opportunities and because they have been operating on the basis of Defendants' answer for settlement purposes.

### III. Discussion

As a preliminary matter, the Court must resolve the parties' disagreement about which rule governs a motion for leave to amend after passage of the CMP deadline for amending pleadings. The Seventh Circuit addressed this issue in *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005): "To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" This district has applied the "good cause" standard under similar circumstances. *E.g.*, *Welch v. Eli Lilly & Co.*, No. 1:06-cv-0641-RLY-JMS, 2009 WL 2461119, at *1 (S.D. Ind. Aug. 11, 2009). The standard considers primarily "the diligence of the party seeking amendment."[1] *Trustmark*, 424 F.3d at 553. Only after the party seeking amendment

---

[1] Defendants point to several cases in which assertion of an affirmative defense was permitted at summary judgment under Rule 15's liberal standard. These cases are inapplicable here because they did not involve missed CMP deadlines.

2

establishes good cause does the Court apply Rule 15's liberal standard. *E.g.*, *ATA Airlines, Inc. v. Fed. Express Corp.*, No. 1:08-cv-0785-RLY-DML, 2009 WL 5173475, at *1 (S.D. Ind. Dec. 22, 2009); *Shotts v. Bombardier, Inc.*, 1:05-cv-1049-DFH-TAB, 2006 WL 1663837, at *1 (S.D. Ind. June 8, 2006)).

Defendants wheel out the smoke and mirrors in their attempt to show good cause. Defendants first explain that during 2009 and 2010, their counsel learned of a potential conflict, and they did not want to incur significant attorney's fees in the event that counsel was unable to continue representation. [Docket No. 62 at 4.] But Defendants concede that they learned of the conflict issue on December 14, 2009—after the October 20, 2009, deadline for amending the pleadings—and do not explain how the conflict issue prevented them from meeting that deadline. Moreover, Defendants state that the conflict issue was resolved on April 5, 2010, but they fail to explain why they did not seek to assert the statute of limitations defense until ten months later.

Defendants next explain that this case has involved voluminous electronic discovery, with a major production by Plaintiffs on May 6, 2010. But Defendants do not assert that documents within this production alerted them to the statute of limitations defense, or that the discovery was so voluminous that they were unable to consider other aspects of the case until February 2011.

---

Additionally, the Court notes some precedent for application of Rule 6(b)'s excusable neglect standard for an untimely request to change a court-ordered schedule. But neither party argues that this standard applies here, and it has been primarily applied in cases involving extension of discovery deadlines, *e.g.*, *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 2005), not motions for leave to amend pleadings, which are governed by Rule 15(a)'s more liberal standard.

Finally, Defendants get to the real reason for their delay. They explain that "this case has largely been driven by a foreclosure litigation . . . in Marion Superior Court." [Docket No. 62 at 5.] Defendants remind the Court that issues with the foreclosure action prompted a September 20, 2010, motion to extend certain deadlines (other than the one at issue), and explain that both parties were closely monitoring the foreclosure action before investing resources in this case. [*Id.*] In the end, Defendants candidly admit that they only discovered the statute of limitations defense while preparing for summary judgment in this case. [*Id.* at 7.] Although the Court understands Defendants' strategy, Defendants could have sought a stay or deadline extension in this case rather than mentally setting it aside until the foreclosure action was resolved. Because Defendants have not shown good cause for their lack of diligence in seeking to amend, the Court need not consider whether they satisfy Rule 15, and their motion for leave to amend is denied.

## IV. Conclusion

Defendants have not shown good cause, and the Court therefore denies their motion for leave to amend. [Docket No. 57.]

Dated: 05/05/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@h-mlaw.com

Rory O'Bryan
HARRISON & MOBERLY
rob@h-mlaw.com

Stacy Walton Long
KRIEG DEVAULT LLP
slong@kdlegal.com

Greg A. Small
KRIEG DEVAULT LLP
gs@kdlegal.com

4

Matthew R. Strzynski
KRIEG DEVAULT LLP
mstrzynski@kdlegal.com